UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:20-cr-00211-JPH-MJD ) |
| TRAVIS LEE BEECHLER, | ) -01 ) |
| Defendant. | ) |

**ORDER DENYING MOTION TO SUPPRESS**

Defendant, Travis Beechler, has moved to suppress certain evidence from being admitted at his trial. He describes this evidence as "contraband illegally seized" from his person and "the home in which [he] was residing at the time of his arrest." Dkt. [44] at 1. For the reasons that follow, Mr. Beechler's motion is **DENIED**.

**I.
Facts & Background**

Because Mr. Beechler has not contested the government's evidence and has not designated his own evidence, the following facts are treated as undisputed unless otherwise noted. *See United States v. Juarez*, 454 F.3d 717, 719–20 (7th Cir. 2006) (finding no evidentiary hearing required on motion to suppress unless defendant "provide[s] sufficient information to enable the court to conclude that a substantial claim is presented and that there are disputed issues of material fact which will affect the outcome of the motion"); *United*

*States v. Clark,* 935 F.3d 558, 568 (7th Cir. 2019) ("[T]he burden is on the defendant to support his motion to suppress.").

On August 3, 2020, Mr. Beechler and his girlfriend, Kimia Turner, were both on Marion County Community Corrections ("MCCC") home detention. Dkt. 44 at 2. Their Home Detention Contracts contained the following provision:

> You waive your rights under the Fourth Amendment of the United States Constitution, as well as Article I, Section 11 of the Indiana Constitution, regarding search and seizure of your person or effects. Furthermore, you shall permit law enforcement, MCCC staff, and/or their contracted vendor, as well as any law enforcement officer acting on MCCC's behalf, to search your person, residence, motor vehicle, or any location where your personal property may be found, to insure compliance with the requirements of MCCC or their contracted vendor.

Dkt. 46 at 3; dkt. 46-1; dkt. 46-3.

MCCC received information that Mr. Beechler was residing at Ms. Turner's residence, rather than the address he originally provided to MCCC. Dkt. 46 at 2. MCCC also had reason to believe that Mr. Beechler was involved in drug trafficking activity. *Id.* at 2–3.

During the early morning hours of August 3, MCCC and officers from the Indianapolis Metropolitan Police Department ("IMPD") executed a compliance check at Ms. Turner's residence at 2041 East Legrande Avenue, Indianapolis, Indiana (the "Residence"). Dkt. 46 at 3.

Upon arriving at the Residence, MCCC employee Jill Jones was let inside by Ms. Turner. Dkt. 46 at 4. Once inside, Ms. Jones spoke to Mr. Beechler, who admitted that he lived at the Residence. *Id.* Ms. Jones then began a

compliance check of the bedroom and common areas. *Id.* Once inside the bedroom, Ms. Jones discovered a large bag containing what she suspected to be methamphetamine on a small nightstand in the closet. *Id.* She also found a plastic bag containing what she believed to be black tar heroin in the hallway. *Id.* IMPD officers then obtained a search warrant for the Residence. Dkt. 46-6; dkt. 46 at 4. As a result of that search, officers seized five firearms and additional evidence of drug trafficking. Dkt. 46 at 4.

Mr. Beechler is charged with two counts of Possession with Intent to Distribute Controlled Substances; Possession of a Firearm in Furtherance of a Drug Trafficking Crime; and Possession of a Firearm by a Previously Convicted Felon. Dkt. 32. Mr. Beechler has moved to suppress the evidence recovered from the Residence on August 3. Dkt. 44.

## II.
## Applicable Law

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. "To determine the reasonableness of a search under the Fourth Amendment, we look at the totality of the circumstances, balancing the degree to which the search intrudes on individual liberty and the degree to which it promotes legitimate governmental interests." *United States v. White*, 781 F.3d 858, 862 (7th Cir. 2015). The exclusionary rule may be used as a remedy where a search is found to have been

unreasonable in violation of the Fourth Amendment. *See Utah v. Strieff*, 136 S. Ct. 2056, 2061 (2016).

### III.
### Discussion

As the government concedes, dkt. 46 at 7, Mr. Beechler has standing to bring this motion. While he refers to himself as an "overnight guest" at the Residence, dkt. 44 at 2, he informed MCCC employees during the search that he lived at the Residence, dkt. 46 at 7. Either way, Mr. Beechler has standing to challenge the lawfulness of the search. *See Minnesota v. Olson*, 495 U.S. 91 (1990).

Mr. Beechler argues that the community corrections compliance check conducted on August 3 was a "law enforcement action disguised" as a compliance check and a warrantless search that violated his Fourth Amendment rights. Dkt. 44 at 1–2. The government responds that the warrantless search was lawful because Mr. Beechler "fully waived" his Fourth Amendment rights under his Home Detention Contract. Dkt. 46 at 7, 10.

While the Court applies federal Fourth Amendment law to decide whether the search was reasonable, the "analysis is shaped" by Indiana law because that governed the terms of Mr. Beechler's community corrections home detention. *See White*, 781 F.3d at 861. Under Indiana law, a "probationer or community corrections participant may, pursuant to a valid search condition or advance consent, authorize a warrantless premises search without reasonable suspicion." *State v. Vanderkolk*, 32 N.E.3d 775, 780 (Ind. 2015).

4

For the search to be reasonable, the contract must "clearly express[] the search condition" and "unambiguously inform the defendant of it." *Id.* at 779.

Here, Mr. Beechler signed a MCCC Home Detention contract waiving his Fourth Amendment rights "regarding search and seizure of [his] person or effects." Dkt. 46-3. The waiver did not limit his consent to searches based on reasonable suspicion or probable cause. *Cf. Vanderkolk*, 32 N.E.2d at 780 (finding search unlawful because defendant had only consented to "search upon probable cause"). Instead, Mr. Beechler unambiguously waived his Fourth Amendment rights against search and seizure to ensure compliance with the requirements of community corrections. *See* dkt. 46-3; *see also United States v. Pearson*, 1:18-cr-295-JMS-TAB, 2019 WL 1440875, at *5 (S.D. Ind. Apr. 1, 2019). The search of the Residence "fell squarely within the terms of the conditions of" Mr. Beechler's home detention and was reasonable under federal constitutional standards. *White*, 781 F.3d at 864.

Because Mr. Beechler's Home Detention Contract "clearly expressed the search condition" and "unambiguously informed" Mr. Beechler that he had waived his Fourth Amendment rights against search and seizure, Mr. Beechler has not shown that the warrantless search conducted pursuant to the Home Detention Contract was unreasonable in violation of the Fourth Amendment. *See Vanderkolk*, 32 N.E.2d at 778.

Last, while Mr. Beechler frames his motion to suppress as a challenge to a warrantless search, dkt. 44 ¶ 3, the firearms and additional evidence of drug trafficking were recovered pursuant to a search warrant, dkt. 46-6. Because

5

Mr. Beechler has not challenged the validity of that warrant, the motion to suppress is also denied on that basis with respect to the firearms and other evidence of drug trafficking. *See United States v. Longmire*, 761 F.2d 411, 417 (7th Cir. 1985) ("[i]f the search . . . was effected pursuant to a warrant, the defendant bears the burden of proving its illegality"); *see also United States v. Searcy*, 664 F.3d 1119, 1124 (7th Cir. 2011).

## IV.
## Conclusion

For the reasons discussed above, Mr. Beechler's motion, dkt. [44], is **DENIED**.

**SO ORDERED.**

Date: 5/25/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana


Distribution:

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
michelle.brady@usdoj.gov

Theodore J. Minch
SOVICH MINCH LLP
tjminch@sovichminch.com