UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:20-cr-00211-JPH-MJD ) |
| TRAVIS LEE BEECHLER, | ) -01 ) |
| Defendant. | ) |

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL**

Travis Beechler has filed a motion for a judgment of acquittal and a conditional grant of a new trial under Federal Rule of Criminal Procedure 29 or, in the alternative, for a new trial under Rule 33. Dkt. [97]. For the reasons below, that motion is **DENIED**.

## I.
## Facts and Procedural Background

The Superseding Indictment charged Mr. Beechler with four counts: two counts of possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841 (Counts 1–2); one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924 (Count 3); and one count of possession of a firearm as a previously convicted felon in violation of 18 U.S.C. § 922 (Count 4). Dkt. 32.

Before trial, Mr. Beechler filed a motion to suppress the evidence seized from the home he was residing in at the time of his arrest. *See* dkt. 44. The Court denied that motion, finding that "Mr. Beechler ha[d] not shown that the

warrantless search conducted pursuant to the Home Detention Contract was unreasonable in violation of the Fourth Amendment." Dkt. 76 at 5.

The Court held a jury trial on June 15–16, 2021. Dkt. 91; dkt. 92. The jury reached unanimous guilty verdicts on all counts. Dkt. 93.

On June 30, 2021, Mr. Beechler filed a motion for a judgment of acquittal and a conditional grant of a new trial under Federal Rule of Criminal Procedure 29 or, in the alternative, for a new trial under Rule 33. Dkt. 97.

## II.
## Applicable Law

Under Federal Rule of Criminal Procedure 29, the Court "may set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(c). Reversal is appropriate only when no rational jury "could have found the defendant to have committed the essential elements of the crime." *Id.*

"[I]f the interest of justice so requires," the Court may grant a new trial to a criminal defendant found guilty by a jury. Fed. R. Crim. P. 33(a); *see United States v. Maclin*, 915 F.3d 440, 444 (7th Cir. 2019). A new trial is required only in the "most extreme cases," *United States v. Peterson*, 823 F.3d 1113, 1122 (7th Cir. 2016) (citation omitted), when "there is a reasonable possibility that [a] trial error had a prejudicial effect on the jury's verdict," *Maclin*, 915 F.3d at 444 (citation omitted).

## III.
## Analysis

Mr. Beechler argues that some of the evidence introduced at trial—422.4 grams of methamphetamine, approximately 10.6 grams of heroin, five firearms,

and $1,508 (the "Contraband")—should have been suppressed and that, without the Contraband, the government's case is insufficient to support a finding of guilt. Dkt. 98 at 2, 10; dkt. 104 at 2. The government relies on its May 3, 2021 response to Mr. Beechler's motion to suppress and argues that it presented facts to prove each element of each offense beyond a reasonable doubt at trial. Dkt. 99 at 1–2 (referencing dkt. 46).

Mr. Beechler's motion essentially asks the Court to reconsider its ruling on his motion to suppress. *See* dkt. 98 at 10 ("[T]he Contraband must be suppressed . . ."); dkt. 76. But Mr. Beechler has not presented any new arguments, pointed to any new evidence, or otherwise identified anything new from the trial that changes the Court's analysis of or ruling on his motion to suppress.

As the Court previously held, "Mr. Beechler unambiguously waived his Fourth Amendment rights against search and seizure to ensure compliance with the requirements of community correction." Dkt. 76 at 5. And this "waiver did not limit his consent to searches based on reasonable suspicion or probable cause." *Id.*; *cf. State v. Vanderkolk*, 32 N.E.3d 775, 780 (Ind. 2015). Thus, the search that led to the seizure of the Contraband in this case was reasonable, and the evidence was therefore properly admitted at trial.

In sum, there was ample evidence at trial for a rational jury to "have found the defendant to have committed the essential elements of the crime." Fed. R. Crim. P. 29(c). And because Mr. Beechler has not shown "a reasonable

3

possibility that [a] trial error had a prejudicial effect on the jury's verdict,"

*Maclin*, 915 F.3d at 444, the Court declines to grant him a new trial.

## IV.
## Conclusion

Mr. Beechler's motion is **DENIED**.  Dkt. [97].

**SO ORDERED.**

Date: 8/26/2021

Distribution:

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE
michelle.brady@usdoj.gov

Theodore J. Minch
SOVICH MINCH LLP
tjminch@sovichminch.com

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana